JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

17 CV 729

---------------------------------------------------------------x

ACIM NY, L.L.C. d/b/a Nissan of Manhattan;
ALIM NY, L.L.C. d/b/a Infiniti of Manhattan;
and BICOM NY, LLC d/b/a Jaguar Land Rover
Manhattan,

:   Civil Action No. _____

Plaintiffs,

**NOTICE OF REMOVAL**

vs.

NISSAN NORTH AMERICA, INC. and
NISSAN MOTOR ACCEPTANCE CORP.,

Defendants.



RECEIVED
JAN 31 2017
U.S.D.C. S.D. N.Y.
CASHIERS

---------------------------------------------------------------x

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants, Nissan North America, Inc. ("NNA") and Nissan Motor Acceptance Corp. ("NMAC"), hereby remove the action *ACIM NY, L.L.C. et al. v. Nissan North America, Inc. et al.*, Index No. 650336/2017 (the "Action"), from the Supreme Court of the State of New York, New York County, to this Court. In support of this Notice of Removal, defendants state as follows:

1. Defendants seek removal of this matter based on diversity jurisdiction.

2. Plaintiffs filed the Action in state court on January 20, 2017. Defendants were served with copies of the Summons and Verified Complaint on that same date. Removal to this Court is timely. *See* 28 U.S.C. § 1446(b).

3. Plaintiffs also filed and served motion papers in support of their request for a temporary restraining order and preliminary injunction. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, or other documents served on defendants in the Action to

date are being filed with this Notice of Removal. These documents and their corresponding filing dates and electronic document numbers, where applicable, are:

| Document | Filing Date | NYSCEF Doc. No. |
|---|---|---|
| Summons and Verified Complaint | 2017.01.20 | 01 |
| Exhibit A to Verified Complaint | 2017.01.20 | 02 |
| Exhibit B to Verified Complaint | 2017.01.20 | 03 |
| Corrected Version of Exhibit B (filed by hard copy) | 2017.01.20 | |
| Exhibit C to Verified Complaint | 2017.01.20 | 04 |
| Order to Show Cause to File Verified Complaint Under Seal | 2017.01.20 | 05 |
| Affidavit of Gary B. Flom | 2017.01.20 | 06 |
| Exhibit AA to Flom Affidavit | 2017.01.20 | 07 |
| Emergency Affirmation of David N. Wynn | 2017.01.20 | 08 |
| Exhibit AAA to Wynn Affirmation | 2017.01.20 | 09 |
| Memorandum of Law In Support of Motion for TRO and Preliminary Injunction and to File Verified Complaint Under Seal | 2017.01.20 | 10 |
| Request for Judicial Intervention | 2017.01.20 | 11 |
| Stipulation | 2017.01.20 | |

4.   The foregoing documents were filed under seal provisionally in state court, and as set forth in Defendant Nissan North America, Inc.'s Ex Parte Motion to Seal, filed concurrently with this removal, NNA seeks to file certain limited portions of those documents under seal in this Court in connection with this removal.

5.   Venue is proper under 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York for New York County is located within the Southern District of New York.

6. This Court has subject matter jurisdiction of the Action based on diversity of citizenship. *See* 28 U.S.C. §§ 1332(a)(1). Upon information and belief, no plaintiff is a citizen of the same state as NNA or NMAC. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (diversity jurisdiction requires complete diversity of citizenship).[1]

7. Defendant NNA is incorporated in California and has its principal place of business in Tennessee. NNA is therefore a citizen of California and Tennessee. *See* 28 U.S.C. § 1332(c)(1).

8. Defendant NMAC is incorporated in California and has its principal place of business in Tennessee. NMAC is therefore a citizen of California and Tennessee.

9. Plaintiff ACIM NY, L.L.C. d/b/a Nissan of Manhattan ("ACIM") is a New York limited liability company with one member: BNF Partners NY, LLC ("BNF"). BNF has three members: Gary B. Flom, Alexander A. Boyko, and Veniamin Nilva. Mr. Flom resides and is domiciled in, and is a citizen of, New York. Mr. Boyko and Mr. Nilva reside and are domiciled in, and are citizens of, Florida. ACIM is therefore a citizen of New York and Florida. *See Handelsman*, 213 F.3d at 52 (holding that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

10. Plaintiff ALIM NY, L.L.C. d/b/a Infiniti of Manhattan ("ALIM") is a New York limited liability company with one member: BNF. ALIM is therefore a citizen of New York and Florida.

11. Plaintiff BICOM NY, LLC d/b/a Jaguar Land Rover Manhattan ("BICOM") is a New York limited liability company. Defendants believe, but cannot state with certainty, that

---

[1] Plaintiffs originally named non-party Georgetown Eleventh Avenue Owners, LLC ("Georgetown") as a defendant in the Action, but they later elected not to sue Georgetown. The handwritten annotations to the Verified Complaint and other papers, removing Georgetown as a defendant, were made and initialed by plaintiffs' counsel before commencing the Action.

BICOM -- by virtue of its member(s)'(s) residence, domicile, and citizenship -- is a citizen of New York and/or Florida. *See* Verified Compl., ¶ 17 ("At least one member of BICOM is a New York resident."); Local Civil Rule 81.1 ("If such information [concerning the residence, domicile, and citizenship of a limited liability company's members] or a designated part is unknown to the removing party, the removing party may so state, and in that case plaintiff within twenty-one (21) days after removal shall file in the office of the Clerk a statement of the omitted information.").

12. The amount in controversy in this Action, exclusive of interest and costs, exceeds the sum or value of $75,000. *See* Verified Compl., ¶¶ 10, 13, 227 (alleging damages in excess of $10 million, and seeking injunctive and declaratory relief valued at more than $75,000).

13. Defendants will promptly serve plaintiffs with a copy of this Notice of Removal and file a Notice of Filing of Notice of Removal with the state court, as required by 28 U.S.C. § 1446(d).

14. Defendants reserve all rights and defenses, including without limitation, the right to amend or supplement this Notice of Removal.

WHEREFORE, defendants respectfully request that this Action be removed from the Supreme Court of the State of New York, New York County, to this Court, and that all further proceedings be held before this Court.

Dated: January 31, 2017
New York, New York

Respectfully submitted,

**NISSAN NORTH AMERICA, INC.,**

By its attorneys,

/s/
Elizabeth D. Schrero
James S. Yu
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
eschrero@seyfarth.com
jyu@seyfarth.com

John R. Skelton (*pro hac vice forthcoming*)
Caleb J. Schillinger (*pro hac vice forthcoming*)
SEYFARTH SHAW LLP
Seaport East, Suite 300
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
jskelton@seyfarth.com
cschillinger@seyfarth.com


Respectfully submitted,

**NISSAN MOTOR ACCEPTANCE CORP.,**

By its attorney,

/s/ Salvatore Giampiccolo
Salvatore A. Giampiccolo
McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
225 Liberty Street, 36th Floor
New York, NY 10281
(201) 493-3705
sgiampiccolo@mdmc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Notice of Removal, was served upon counsel for plaintiffs at the following address via electronic mail and Federal Express:

>Russell P. McRory
>David N. Wynn
>Michael P. McMahan
>Charles Gallaer
>ARENT FOX LLP
>1675 Broadway
>New York, NY 10019
>Tel: (212) 484-3900
>russell.mcrory@arentfox.com
>david.wynn@arentfox.com
>michael.mcmahan@arentfox.com
>charles.gallaer@arentfox.com

Dated:   January 31, 2017
         New York, New York

/s/ _____
James S. Yu